The document below is hereby signed.

Signed: July 24, 2013



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROBERT-HORACE WILSON, | ) | [Case No. 12-32715-WIL |
| | ) | (Chapter 7) |
| Debtor. | ) | pending in the U.S. |
| _____ | ) | Bankruptcy Court for the |
| | ) | District of Maryland] |
| EASTJUN COOPERATIVE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 13-10019 |
| SPIKE CLUB LLC d/b/a MACOMBO | ) | |
| LOUNGE, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Defendant. | ) | |

MEMORANDUM DECISION RE MOTION TO
REMAND PROCEEDING TO D.C. SUPERIOR COURT

The instant proceeding was commenced by EastJun Cooperative, LLC ("EastJun") in the Superior Court of the District of Columbia Civil Division, Landlord-Tenant Branch. By its complaint, EastJun seeks possession of the premises occupied by the defendant, Spike Club, LLC, located at 5335 Georgia Ave., N.W., Washington, D.C. Spike Club, LLC filed a notice of removal of the action to this court. Spike Club contends that this court

has "related to" jurisdiction over this proceeding because the debtor, Robert-Horace Wilson, owns 50% of Spike Club, LLC's shares, and an adverse ruling in the eviction proceeding against Spike Club "would mean that although Wilson does not receive any financial remuneration from his interest in Spike Club, he would lose the tax benefit generated by Spike Club's ownership of the real estate . . . ."  Wilson's shareholder interest in the defendant LLC, and any risk that Wilson's shares will be less valuable to Wilson if the bank prevails, is insufficient to create "related to" jurisdiction.  The court will thus grant the motion to remand.

I

For this court to have subject matter jurisdiction over this proceeding, it must come within the jurisdiction conferred on the district court by 28 U.S.C. § 1334(b).  *See In re Yelverton*, 2011 WL 1628046, at *2 (Bankr. D.D.C. April 28, 2011).  There are three types of bankruptcy jurisdiction, commonly referred to as "arising under," arising in," and "related to" jurisdiction.  *See W.R. Grace & Co.*, 591 F.3d 164, 171 (3d Cir. 2009).  The instant action for possession, which is between two non-debtor entities, does not "arise under" or "arise in" the debtor's bankruptcy case.  Accordingly, the only basis upon which this court could exercise subject matter jurisdiction over this proceeding is under its "related to" jurisdiction.

The court in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), articulated the test for whether "related to" jurisdiction exists as follows:

> the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy . . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Id.* at 994. The eviction proceeding is not pending against the debtor, it does not seek to alter or adjudicate the debtor's shareholder interest in the LLC, and regardless of who prevails, at the end of the day the debtor will remain a 50% shareholder of Spike Club, LLC, and his rights in their entirety will remain unaltered. Although the debtor's shares may be less valuable to him if the LLC loses the eviction proceeding, that is insufficient to establish "related to" subject matter jurisdiction.[1]  *See LAR MHP Holdings, LP v. Mordini (In re Mordini)*, 491 B.R. 567 (Bankr. D. Colo. 2013) (bankruptcy court lacked "related to" subject matter jurisdiction over proceedings pending against two non-debtor corporate entities in which debtor

---

[1] It is irrelevant that the decrease in value to the debtor will be his inability to claim a tax benefit, not simply a diminution in the market value of the shares. This does not render the potential loss to the debtor any more direct, and does not bolster Spike Club's argument that this proceeding is related to the debtor's bankruptcy case.

3

held a 50% and 100% shareholder interest, respectively).

Although "related to" jurisdiction is the broadest category of subject matter jurisdiction available to the bankruptcy court, it is not without limits. *See In re Resorts Int'l, Inc.*, 372 F.3d 154, 164 (3d Cir. 2004). As would presumably be the case with any corporate entity involved in litigation, if Spike Club, LLC suffers an economic loss as a result of this action, its shareholders will, indirectly, feel the impact of that loss. Finding "related to" jurisdiction on that basis, however, would extend the court's jurisdiction beyond what was intended by § 1334(b). As observed by Judge A. Bruce Campbell of the U.S. Bankruptcy Court for the District of Colorado:

> the economic effect of litigation on the value of a separate non-debtor entity in which a debtor owns an equity interest is insufficient to create [related to] jurisdiction. This concept extends "related to" jurisdiction too far, potentially expanding the bankruptcy court's jurisdiction to any lawsuit involving any corporation in which the debtor owns stock. Under such an expansive interpretation of "related to" jurisdiction, if a debtor owned a single share of a corporation, all litigation of that corporation, in whatever court around the globe, would be brought within the reach of "related to" jurisdiction of the bankruptcy court in which the debtor had filed its case. It is highly unlikely that "related to" jurisdiction of 28 U.S.C. § 1334(b) was intended to cast such a broad net.

*Id.* at 571-72 (relying on *Tower Automotive Mexico v. Grupo Proeza, S.A. (In re Tower Automotive, Inc.)*, 356 B.R. 598, 602 (Bankr. S.D.N.Y. 2006) ("a Chapter 7 debtor's distributable

4

assets might consist exclusively of the stock of a multinational corporation, but that happenstance would not give the bankruptcy court jurisdiction of a patent or antitrust dispute involving that corporation, no matter how important to its financial well-being.")).  I agree with the reasoning of *In re Mordini*, and conclude that this court lacks "related to" jurisdiction over this proceeding.

II

Spike Club also argues that the eviction proceeding is "related to" Wilson's bankruptcy case because it violates a prepetition injunction, issued in Wilson's favor, that precludes EastJun from taking title to the property.  As this court observed at the July 10, 2013 status hearing, however, the injunction in question was to enjoin the transfer of title to EastJun in its capacity as the successful purchaser at a particular sale.  Namely, it enjoined the transfer to EastJun in EastJun's capacity as the successful bidder at the December 20, 2011 sale, of which Wilson was not given adequate notice.[2]  It did not involve the question of whether the bank had any right,

---

[2] The relevant paragraph of the preliminary injunction order states that it is "ORDERED, that, until further Order of this Court, defendants are enjoined from transferring possession of the real property located at 5335 Georgia Avenue, NW, Washington D.C. to EastJun Cooperative, LLC, the successful bidder at the foreclosure sale that occurred on December 20, 2011."

subsequently, to proceed to foreclosure,[3] and it did not purport to bar EastJun from bidding at and receiving title incident to a subsequent and properly noticed sale.

The preliminary injunction was granted because Wilson did not receive statutory notice of the original sale.  A second sale was held, and EastJun is currently acting in its capacity as the successful purchaser of the property at that second sale.  If another party had emerged as the successful bidder at the second sale, the injunction would not bar that party from enforcing its ownership rights.  For the same reason, the injunction does not bar EastJun from enforcing its rights as the successful bidder at the second sale.  To invoke this court's "related to" jurisdiction, Spike Club must point to a colorable interest of the debtor or estate that is implicated by this proceeding.  It is clear that the injunction is unrelated to EastJun's right to enforce its rights as the successful purchaser of the property at a second and properly noticed sale, and the injunction is thus not properly at issue in this proceeding.

III

At the July 10, 2013 hearing, the court asked counsel whether equitable grounds also support a remand of this proceeding.  Because the court finds that subject matter

---

[3]  In fact, a footnote to the preliminary injunction order tacitly acknowledges that the practical effect of the injunction was simply to delay the bank's foreclosure sale by 30-45 days.

jurisdiction is lacking as a matter of law, it is unnecessary to decide whether equitable grounds in support of remand also exist.

IV

An order follows.

[Signed and dated above.]

Copies to: All recipients of e-notification of filings.